UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., on behalf
of itself and its related insurers,

                        Petitioner,

                                           24-cv-1870 (PKC)

          -against-                           ORDER


OUTDOOR SPORTS GEAR, LLC formerly
known as Anthony Industries, Inc. and JARDEN
LLC f/k/a, and as successor by merger to Jarden
Corporation,

                        Respondents.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case.  It falls upon the Court to raise issues of subject matter jurisdiction <u>sua</u> <u>sponte</u>.

        "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record."  <u>Leveraged Leasing Administration Corporation v. PacifiCorp Capital, Inc.</u>, 87 F.3d 44, 47 (2d Cir. 1996) (citation and internal quotation marks omitted).  Where a complaint or petition premised on diversity of citizenship names a limited liability company as a party, it must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company.  <u>See</u> <u>Platinum-Montaur Life Sciences, LLC v.</u>

1

Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019); Handelsman v. Bedford

Village Associates Limited Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000).

The Petition brings an action to confirm and enforce a commercial arbitration

award issued in New York, New York.  (Petition ¶ 8.)  It claims subject matter jurisdiction solely

based on diversity of citizenship, 28 U.S.C. § 1332.  (Id. ¶ 9).[1]  It alleges that petitioner National

Union Fire Insurance Company of Pittsburgh, PA ("National Union") is "an insurance carrier"

organized in Pennsylvania with a principal place of business in New York.  (Id. ¶ 5.)  The

Petition fails to allege, however, whether National Union is a corporation or another type of

entity.

The Petition alleges that one defendant LLC, Outdoor Sports Gear, LLC, is "a

limited liability company organized under the laws of the State of Delaware with a principal

place of business in Atlanta, Georgia," (id. ¶ 6), and that the other defendant LLC, Jarden LLC,

"is a limited liability company organized under the laws of the State of Delaware with a principal

place of business in Boca Raton, Florida," (id. ¶ 7).  The Petition does not allege the citizenship

of any member of either defendant LLC.

Within fourteen (14) days of this Order, petitioner National Union may serve a

single interrogatory upon defendants Outdoor Sports Gear, LLC and Jarden LLC as to the

citizenship of all natural persons who are their members, and, if any corporation is a member, the

jurisdiction under whose laws it is incorporated and the principal place of business.  Outdoor

---

[1] Although Petitioner brings this action to confirm and enforce an arbitration award pursuant to the
Federal Arbitration Act, 9 U.S.C. § 1 et seq. (Petition ¶ 8), the Federal Arbitration Act does not "bestow" any federal
question jurisdiction over the parties' dispute, instead requiring an "independent jurisdictional basis." See Vaden v.
Discover Bank, 556 U.S. 49, 59 (2009) (quoting Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 581-82
(2008)).

Sports Gear, LLC and Jarden LLC shall serve their responses to the interrogatory within fourteen (14) days.

Within forty-five (45) days of this Order, National Union shall amend its Petition to correct the jurisdictional deficiencies and omissions, including by truthfully and accurately alleging the type of entity National Union is and its citizenship.  If, by this date, National Union either fails to amend or is unable to amend to truthfully allege complete diversity of citizenship, then the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 13, 2024